## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **DON LAWRENCE,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **CORIN GROUP, PLC,** | § | |
| **CORIN USA LIMITED, AND** | § | |
| **GRUPPO BIOIMPIANTI, SRL,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

### NOTICE OF REMOVAL BY DEFENDANTS
### <u>CORIN GROUP LIMITED AND CORIN USA LIMITED</u>

Defendants Corin Group Limited[1] and Corin USA Limited (together, "Corin") file this Notice of Removal, pursuant to 28 U.S.C. §§1332, 1441 and 1446 ("Removal"), to the United States District Court for the Eastern District of Texas, Sherman Division, and state:

### I.      NATURE OF THE ACTION

1.      On or about October 10, 2020, Plaintiff Don Lawrence filed Plaintiff's Original Petition ("Petition") in the 401st District Court of Collin County, Texas, located at the Russell A. Steindam Courts Building, 2100 Bloomdale Road, Suite 30030, McKinney, TX 75071,[2] naming Gruppo Bioimpianti, SRL ("Bioimpianti") and Corin as Defendants.  *See* Summons, Petition, and all process, pleadings and orders filed in state court attached hereto as **Exhibit B**.  Per

---

[1] Corin Group Limited is incorrectly named in the Petition as "Corin Group, PLC".  For accuracy, this Notice and associated pleadings will refer to Corin Group Limited by its correct name.

[2] On December 31, 2020, the case was transferred to the 471st District Court of Collin County, Texas, located at the Russell A. Steindam Courts Building, 2100 Bloomdale Road, Suite 30276, McKinney, TX 75071 from the 401st Judicial District Court of Collin County, Texas ("State Court Action").

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>                                          **Page 1**

agreement by Corin's counsel to accept service, Plaintiff served Corin with the Petition and Summons on January 14, 2021. *See* Jan. 14, 2021 E-mails between A. Kaplan and B. Arnold, attached hereto as **Exhibit C**.

2.      Plaintiff alleges that he received a Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) on an unspecified date. Pet. ¶19. He claims that he suffered damages because the device "was defective and unsafe for its intended purposes . . . in that it failed in its design to prevent fracture or breakage and injury as a result," and "the warning or instruction was inadequate" and that Plaintiff "relied upon . . . express and implied warranties and suffered . . . injuries and damages . . . as a proximate result of the breach of these warranties." *Id.* ¶¶24, 26, 28.

3.      Defendants have not yet answered the Petition in the State Court Action but timely file this Removal.

## II.      STATUTORY BASIS FOR JURISDICTION

4.      Removal of this action is proper under 28 U.S.C. §1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

5.      The Petition alleges that Plaintiff resides in Plano, Texas. *See, e.g.*, *id.* ¶2 ("Plaintiff, Don Lawrence, hereinafter referred to as 'Plaintiff', is an Individual whose address is 2212 Bunker Hill Circle, Plano, Texas 75075."); *id.* ¶16 (alleging Plaintiff is a "Texas resident").

6.      The Collin Central Appraisal District website, as well as a land deed from the collincountytx.gov website, reflect homestead property owned by Don Lawrence in Plano, Texas, since 1993. *See* Property Search Summary Report (attached hereto as **Exhibit D**) and Land Deed (attached hereto as **Exhibit E**). In addition, the Collin County Property Tax record

<u>**DEFENDANTS' NOTICE OF REMOVAL**</u>                                                        **Page 2**

reflects that Plaintiff has been paying property taxes in Texas since at least 1993.  *See* Property Tax Record, attached hereto as **Exhibit F**.  For diversity jurisdiction purposes, an individual litigant's state citizenship is regarded as synonymous with domicile.  *See, e.g.*, *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996).  A court addresses "a variety of factors" in determining a litigant's domicile and "[n]o single factor is determinative."  *Id.* at 251.  "The factors may include the places where the litigant exercises civil and political rights, pays taxes, owns real and personal property, has driver's and other licenses, maintains bank accounts, belongs to clubs and churches, has places of business or employment, and maintains a home for his family."  *Id.* (internal citations omitted).  *See also Dewolff, Boberg & Assocs., Inc. v. Pethick*, No. 4:20-CV-00556, 2020 WL 5518093, at *3 (E.D. Tex. Sept. 14, 2020) (same).

7.      Plaintiff alleges in his Petition that Corin Group Limited, Corin USA Limited, and Bioimpianti are "Nonresident Corporation[s]."  *See id.* ¶¶4-6.   Therefore, for the purposes of this Removal, Plaintiff is a citizen of the State of Texas where he is domiciled.

8.      At the time Plaintiff filed his action, Corin Group Limited was, and at all times since has been, incorporated in the United Kingdom, with its principal place of business in the United Kingdom.  At the time Plaintiff filed his action and at all times since, Corin Group Limited was not a citizen or resident of the State of Texas.  *See id.* ¶4 (alleging Corin Group Limited—incorrectly named in the Petition as Corin Group PLC—is a "Nonresident Corporation").

9.      At the time Plaintiff filed the Petition, Corin USA Limited was, and at all times since has been, incorporated in the United Kingdom, with its principal place of business in the United Kingdom.  At that time of this action and at all times since, Corin USA Limited was not a

citizen or resident of the State of Texas.  *See id.* ¶5 (alleging Corin USA Limited is a "Nonresident Corporation").

10.     At the time Plaintiff filed the Petition, Bioimpianti was, and at all times since has been, incorporated in Italy, with its principal place of business in Italy.  At that time of this action and at all times since, Bioimpianti was not a citizen or resident of the State of Texas.  *See id.* ¶6 (alleging Bioimpianti is a "Nonresident Corporation").

11.     Thus, the parties satisfy the diversity requirements of 28 U.S.C. §1332.

12.     Although Corin denies that it is liable for any conduct warranting the imposition of damages, Plaintiff alleges that he seeks "monetary relief over $1,000,000."  *Id.* ¶13a.

13.     Bioimpianti consents to the removal of this action.[3]  *See* Notice of Consent, attached as **Exhibit K**.

14.     Therefore, the Court has original jurisdiction over the action pursuant to 28 U.S.C. §1332 because it is a civil action between citizens of different states in which the amount in controversy exceeds $75,000.00 exclusive of interests and costs.

## III.     REMOVAL PROCEDURES

15.     Pursuant to 28 U.S.C. §1446(b)(1), a notice of removal is timely filed within thirty days of Plaintiff's service of the Petition on Corin.  Because Plaintiff served the Petition on Corin on January 14, 2021, the above-captioned Notice of Removal is timely filed.

16.     Pursuant to 28 U.S.C. §1446(a) and Local Rule CV-81(c)(2), true and correct copies of all process, pleadings and orders served on Corin, and on file with the District Court of

---

[3] Per agreement by Bioimpianti's counsel to accept service, Plaintiff served Bioimpianti with the Petition and Summons on February 4, 2021.  *See* Feb. 4, 2021 E-mails between A. Kaplan and B. Arnold, attached hereto as **Exhibit G**.  By consenting to removal, Bioimpianti does not waive its objection to personal jurisdiction.

Collin County, Texas are attached as **Exhibit B** (certified copy of state court docket, pleadings and orders on file with the District Court of Collin County) and **Exhibit C** (pleadings served on Corin).  A civil cover sheet is also attached as **Exhibit A**.

17.     Pursuant to Local Rule CV-81(c)(1), a list of all parties in the case, their party type, and current status of the removed case is attached hereto as **Exhibit H**.

18.     Pursuant to Local Rule CV-81(c)(3), a complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number, and party or parties represented by that attorney is attached hereto as **Exhibit I**.

19.     Pursuant to Local Rule CV-81(c)(4), a record of which parties have requested jury trial is attached hereto as **Exhibit J**.

20.     A copy of this Notice of Removal is being filed with the Clerk of the District Court of Collin County, Texas as provided by law.  Written notice of the removal is also being given to Plaintiff, by and through his attorney.

21.     By virtue of filing this Notice of Removal, Corin does not waive its right to assert any motions or defenses, including but not limited to motions filed pursuant to Federal Rule of Civil Procedure 12.  Moreover, Corin reserves that right to amend or supplement this Notice of Removal.

22.     If any question arises regarding the propriety of removal, Corin respectfully requests the opportunity to brief the issues.

WHEREFORE, Corin Group Limited and Corin USA Limited remove this action from the District Court of Collin County, Texas, to this Court the 5th day of February, 2021.

Respectfully suibmitted,

**BY:** _____

MARIA KATINA KAROS
State Bar No. 11101280
maria@karostrial.com

    **THE KAROS LAW FIRM, PLLC**
    Liberty Plaza II
    5057 Keller Springs Road, Suite 400
    Addison, TX  75001
    Telephone:972.201.0494
    Facsimile:  972.201.0098

        and

Andrew Kaplan
(_pro hac vice pending_)
District of Columbia Bar No. 473932
akaplan@crowell.com

    **CROWELL & MORING LLP**
    1001 Pennsylvania Avenue, NW
    Washington, DC 20004-2595
    Telephone:   202.624.2500
    Facsimile:   202.628.5116

**ATTORNEYS FOR CORIN GROUP
LIMITED, CORIN USA LIMITED,
And GRUPPO BIOIMPIANTI, SRL**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the above and foregoing has been served on all known counsel of record as authorized by the Texas Rules of Civil Procedure on the 5th day of February, 2021.

_____
MARIA KATINA KAROS