# EXHIBIT B

471st District Court

# CASE SUMMARY
## CASE NO. 471-05507-2020

| | | | |
|---|---|---|---|
| Don Lawrence vs. Corin Group, PLC,Corin USA Limited,Gruppo Bioimpianti, SRL | § § § § § | Location: Judicial Officer: Filed on: Case Number History: | **471st District Court** **Bouressa, Andrea** **10/20/2020** **401-05507-2020** |

---

### CASE INFORMATION

Case Type: **Other - Product Liability**

---

### CASE ASSIGNMENT

| DATE | |
|---|---|

**Current Case Assignment**
Case Number          471-05507-2020
Court                 471st District Court
Date Assigned      12/31/2020
Judicial Officer      Bouressa. Andrea

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Plaintiff** | **Lawrence, Don** | **Arnold, Brian R** *Retained* 214-739-4216(W) |
| **Defendant** | **Corin Group, PLC** | **Pro Se** |
| | **Corin USA Limited** | **Pro Se** |
| | **Gruppo Bioimpianti, SRL** | **Pro Se** |

---

### EVENTS & ORDERS OF THE COURT

| DATE | | INDEX |
|---|---|---|
| 10/20/2020 | Plaintiff's Original Petition (OCA) $313.00 Party:  Plaintiff  Lawrence, Don | |
| 10/21/2020 | Request for Citation by Certified Mail $83.00 | |
| 10/21/2020 | **Citation** | |
| | Corin Group. PLC     returned unserved    12/15/2020 | |
| | Corin USA Limited    returned unserved    12/15/2020 | |
| 10/21/2020 | Request for Citation to Secretary Of State $12.00 | |
| 10/21/2020 | **Citation** | |
| | Gruppo Bioimpianti, SRL    unserved | |
| 12/14/2020 | Returned Mail Undeliverable Party:  Defendant  Corin Group. PLC | |
| 12/14/2020 | Returned Mail Undeliverable Party:  Defendant  Corin USA Limited | |

*Printed on 02 03 2021 at 1:26 PM*

# Case Summary

## Case No. 471-05507-2020

| | | |
|---|---|---|
| 12/15/2020 | | Certified Green Card Returned<br>*Corin USA Limited* |
| 12/15/2020 | | Certified Green Card Returned<br>*Corin Group PLC* |
| 12/31/2020 | Administrative Order<br>*Order signed 1/3/2021 to transfer to the 471st Court. Order scanned into minutes.* | |
| 01/07/2021 | | Notice<br>*Notice of Administrative Transfer* |
| 09/17/2021 | | **Dismissal for Want of Prosecution** (Judicial Officer: Bouressa, Andrea) |

| DATE | FINANCIAL INFORMATION |
|---|---|

**Plaintiff** Lawrence, Don
Total Charges     489.00
Total Payments and Credits     489.00
**Balance Due as of  2/3/2021**     **0.00**





*Printed on 02/03/2021 at 1:26 PM*



STATE OF TEXAS          )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ___ day of _____ A.D. 20___

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY

Lynne Finley
District Clerk
Collin County, Texas
By Rosanne Munoz Deputy
Envelope ID: 47362976

401-05507-2020

NO. _____

| | | |
|---|---|---|
| **DON LAWRENCE**<br>**Plaintiff,** | § <br> § <br> § | **IN THE DISTRICT COURT** |
| **V.** | § <br> § <br> § | **_____ JUDICIAL DISTRICT OF** |
| **CORIN GROUP, PLC, CORIN USA**<br>**LIMITED,  AND GRUPPO**<br>**BIOIMPIANTI, SRL**<br>**Defendants.** | § <br> § <br> § <br> § | **COLLIN COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Don Lawrence, hereinafter called Plaintiff, complaining of and about Corin Group, PLC, Corin USA Limited  and Gruppo Bioimpianti, SRL, hereinafter collectively called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2.      Plaintiff, Don Lawrence, hereinafter referred to as "Plaintiff", is an Individual whose address is 2212 Bunker Hill Circle, Plano, Texas 75075.

3.      The last three numbers of Don Lawrence's driver's license number are 585 and the last three numbers of his social security number are 748.

4.      Defendant Corin Group, PLC, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Jessee Ferguson, at 12750 Citrus Park

**PLAINTIFF'S ORIGINAL PETITION - Page 1**



Lane, Suite 120, Tampa, Florida 33625, its registered office.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

5.      Defendant Corin USA Limited, a Nonresident Corporation, may be served pursuant to sections 5.201 and 5.255 of the Texas Business Organizations Code by serving the registered agent of the corporation, Jessee Ferguson, at 12750 Citrus Park Lane, Suite 120, Tampa, Florida 33625, its registered office.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

6.      Defendant Gruppo Bioimpianti, SRL, (hereinafter sometimes referred to as "Defendant Gruppo" or "Gruppo"), is a Nonresident Corporation.  Upon information and belief, said Defendant is a manufacturer of the Revival Modular Revision Hip Stem product complained of herein and as a result of the release and sale of said product in the State of Texas, is required to designate and maintain a registered agent in Texas. Plaintiff has been unable to locate and serve the registered agent for said Defendant despite reasonable diligence by Plaintiff to locate an agent for service to effect service. Pursuant to section 5.251(1)(B) of the Texas Business Organizations Code, service may be effected upon Defendant Gruppo Bioimpianti, SRL by serving the Secretary of State of Texas, Statutory Documents Section, Citations Unit, P.O. Box 12079, Austin, Texas 78711-2079.  Service of said Defendant as described above can be effected by certified mail, return receipt requested.

### MISNOMER, ALTER-EGO, ASSUMED NAME

7.      In the event any parties are misnamed or not included herein, Plaintiff's contention is that such was a "misnomer" and/or such parties are/were "alter egos" of the parties named herein.

**PLAINTIFF'S ORIGINAL PETITION - Page 2**

8.    For purposes of this petition and cause of action the Defendant Corin Group, PLC, may be referred to herein as Defendant "**Corin Group**".

9.    For purposes of this petition and cause of action the Defendant Corin USA Limited, may be referred to herein as Defendant "**Corin USA**".

10.    For purposes of this petition and cause of action the Defendants Corin Group, PLC and  Corin USA Limited, may be referred to collectively herein as Defendants "**Corin**".

11.    For purposes of this petition and cause of action the Defendant Gruppo Bioimpianti, SRL , may be referred to herein as Defendant "**Gruppo**".

### JURISDICTION AND VENUE

12.    The subject matter in controversy is within the jurisdictional limits of this court.

13.    Plaintiff seeks:

a.    monetary relief over $1,000,000.

14.    This court has jurisdiction over Defendants Corin Group, PLC, Corin USA Limited  and Gruppo Bioimpianti, SRL, because said Defendants purposefully availed themselfs of the privilege of conducting activities in the state of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over the Defendants Corin Group, PLC, Corin USA Limited and Gruppo Bioimpianti, SRL, will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

**PLAINTIFF'S ORIGINAL PETITION - Page 3**



15.     Plaintiff would show that Defendants Corin Group, PLC, Corin USA Limited and Gruppo Bioimpianti, SRL, had continuous and systematic contacts with the state of Texas sufficient to establish general jurisdiction over said Defendant.

16.     Furthermore, Plaintiff would show that Defendants Corin Group, PLC, Corin USA Limited and Gruppo Bioimpianti, SRL, engaged in activities constituting business in the state of Texas as provided by Section 17.042 of the Texas Civil Practice and Remedies Code, in that said Defendant contracted with a Texas resident and performance of the agreement in whole or in part thereof was to occur in Texas and committed a tort in whole or in part in Texas.

17.     This Court has personal jurisdiction over the Defendants Corin Group, PLC, and Corin USA Limited pursuant to the Long-Arm Statute TEX. CIV. PRAC. & REM. CODE §§ 17.041 and 17.042.   Specifically, said Defendants are foreign corporations doing business in the state of Texas, by marketing and selling the product in question and referred to herein in Texas.  By virtue of their business dealings and other significant contacts with Texas, said Defendants should reasonably anticipate that they are subject to the jurisdiction of Texas and her courts.

18.     This Honorable Court has jurisdiction and venue properly lies in Collin County, Texas, pursuant to §§ 15.002(a)(1) of the Texas Civil Practice & Remedies Code because all or a substantial part of all of the events or omissions giving rise to this cause of action occurred in Collin County, Texas.

### FACTS

19.     After having a Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) device surgically implanted in his body, the device failed; fracturing and causing

**PLAINTIFF'S ORIGINAL PETITION - Page 4**

Plaintiff serious injury and intense pain and suffering, as hereinafter described. More specifically, on or about October 21, 2018, Plaintiff Don Lawrence stepped out of his vehicle, and while using the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem), (hereinafter referred to as "hip implant") for the purpose and in the manner in which it was intended to be used, suddenly and without warning heard a loud "pop". Thereafter, he had intense pain which caused him to be examined by his doctor. On or about November 4, 2018, it was discovered that the hip implant had broken.

20.    This suit is brought, in part, under the authority of Tex. Bus. & Com. Code, Sec. 17.41 et seq., commonly known as the Deceptive Trade Practices and Consumer Protection Act and cited in this Petition as the "DTPA".

21.    All conditions precedent and requisite to this action have been met and all proper notice pursuant to the DTPA have been complied with.

### LIABILITY OF DEFENDANTS

22.    While engaged in the sale of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem), Defendants Corin, sold a certain Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) and other like products, to consumers within the stream of commerce.   Defendants Corin, intended and expected that the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem), so introduced and passed on in the course of trade would ultimately reach a consumer or user in the condition in which it was originally sold.

23.    Upon information and belief, Defendants Corin Group and/or Corin, USA purchased from or had said Revival Modular Revision Hip Stem (a/k/a Corin Revival

**PLAINTIFF'S ORIGINAL PETITION - Page 5**

Stem) manufactured by Gruppo Bioimpianti for use as a surgically implanted hip stem, for the purpose of a hip stem.

24. Plaintiff, Don Lawrence, also alleges that the product in question, namely the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem), was defective and unsafe for its intended purposes at the time it left the control of Defendants Corin, and Gruppo and at the time it was sold in that it failed in its design to prevent fracture or breakage and injury as a result. Due to the unsafe operation of, but not limited to, the titanium stem, the product was defectively designed and unreasonably dangerous in that it failed to stay intact and fractured/broke.

25. Plaintiff therefore invokes the doctrine of strict liability in Section 402A, Restatement of the Law of Torts, 2d, and as adopted by the Supreme Court of Texas. Further, in this connection, Plaintiff would show the court that the defect in design was a producing cause of the injuries and damages set forth below.

26. Defendants are liable for harm caused to Plaintiff, Don Lawrence, because:

A. Defendants exercised substantial control over the content of the warning or instruction that accompanied the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem); the warning or instruction was inadequate; and the Plaintiff's harm resulted from the inadequacy of the warning or instruction.

B. Defendants made an express factual representation about an aspect of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem); the representation was incorrect; the Plaintiff relied on the representation in obtaining or using the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem); and if the aspect of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) had been as represented, the Plaintiff would not have been harmed by the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) or would not have suffered the same degree of harm.

27. In addition, Plaintiff would show the court that the occurrence made the

**PLAINTIFF'S ORIGINAL PETITION - Page 6**

basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Defendants in one or more of the following respects, or by combination thereof:

  A. Failure of the titanium stem or other systems of said Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) and its attendant equipment;

  B. Failing to properly maintain said Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) and its attendant equipment;

  C. Failing to inspect said Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) and its attendant equipment;

  D. Failing to properly warn Plaintiff about the condition of said Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) and its attendant equipment; and

  E. By placing a defective product in the stream of commerce.

All of which Defendants knew, or in the exercise of ordinary care, should have known.

28. In addition, Defendants expressly and impliedly warranted to the public generally, that the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner. Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

29. At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment. Therefore, Defendants, are

**PLAINTIFF'S ORIGINAL PETITION - Page 7**

further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

30.     Defendants' aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

31.     Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of negligence attributable to Defendants in one or more of the following respects, or by a combination thereof:

      A.     Failing to use due care in the manufacture of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem);

      B.     Failing to use due care in the design of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem);

      C.     Failing to use proper materials reasonably suited to the manufacture or design of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) or the component parts thereof;

      D.     Failing to use due care to test and/or inspect the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) or the component parts thereof to determine its durability and function ability for the purpose for which it was intended;

      E.     Failing to use due care in the marketing and sale of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem);

      F.     By placing a defective product in the stream of commerce which eventually made it's way to Plaintiff and broke under normal use.

32.     Pleading further, Plaintiff would show the court that the occurrence made the basis of this suit and the resulting injuries and damages set out below were a direct and proximate result of the negligence of Defendants in one or more of the following respects, or by a combination thereof:

**PLAINTIFF'S ORIGINAL PETITION - Page 8**

A.    Failing to design the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) to prevent fracture or breakage of the product and injury as a result due to a malfunction; and

B.    Failing to place the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) in the market with a warning to the users of the device that the titanium stem of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) may break or users may suffer injury due to a malfunction.

All of which Defendants knew, or in the exercise of ordinary care, should have known.

33.    In addition, Defendants expressly and impliedly warranted to the public generally, that the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) was of merchantable quality and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary manner.  Plaintiff relied upon these express and implied warranties and suffered the injuries and damages set forth below as a proximate result of the breach of these warranties.

34.    Plaintiff cannot more specifically allege the act of negligent design on the part of Defendants, aside from Defendants' failure to design the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) in question in a manner which would have prevented fracture or breakage and injury as a result, for the reason that facts in that regard are peculiarly within the knowledge of the Defendants, and, in the alternative, in the event Plaintiff is unable to prove specific acts of negligent design, Plaintiff relies on the doctrine of Res Ipsa Loquitur.

35.    In this connection, Plaintiff will show the court that the design of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem) was within the exclusive control of the Defendants.  Plaintiff had no means of ascertaining the method or manner

PLAINTIFF'S ORIGINAL PETITION - Page 9

in which the product was designed, and it was used by Plaintiff in the same condition it was in when it left control of the Defendants.

36.     The occurrence causing harm to Plaintiff, as described above, was one which, in the ordinary course of events, would not have occurred without negligence on the part of Defendants.  Thus, Defendants were negligent in the design of the Revival Modular Revision Hip Stem (a/k/a Corin Revival Stem), which negligence was a proximate cause of the injuries and damages sustained by Plaintiff.

37.     At all times material hereto, all of the agents, servants, and/or employees for Defendants, who were connected with the occurrence made the subject of this suit, were acting within the course and scope of their employment or official duties and in furtherance of the duties of their office or employment.  Therefore, Defendants are further liable for the negligent acts and omissions of its employees under the doctrine of Respondeat Superior.

38.     Defendants aforementioned conduct constitutes a careless, negligent, and reckless disregard of a duty of care for others.

### EXEMPLARY DAMAGES

39.     Defendants Corin, acts or omissions described above, when viewed from the standpoint of each Defendant Corin, at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendants Corin, had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

**PLAINTIFF'S ORIGINAL PETITION - Page 10**

40.   Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from both Defendants Corin Group and Corin, USA.

41.   Defendant Gruppo Bioimpianti's acts or omissions described above, when viewed from the standpoint of Defendant Gruppo Bioimpianti at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others.  Defendant Gruppo Bioimpianti had actual, subjective awareness of the risk involved in the above described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

42.   Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant Gruppo Bioimpianti.

## DAMAGES FOR PLAINTIFF, DON LAWRENCE

43.   As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff, Don Lawrence was caused to suffer severe internal injuries and external injuries to his leg, hip and body generally, including emergency surgical removal of the faulty device and surgical replacement with another replacement device, and has incurred the following damages:

A.   Reasonable medical care and expenses in the past.   These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Collin County, Texas and surrounding counties;

B.   Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.   Physical pain and suffering in the past;

**PLAINTIFF'S ORIGINAL PETITION - Page 11**



D.      Physical pain and suffering in the future;

E.      Physical impairment in the past;

F.      Physical impairment which, in all reasonable probability, will be suffered in the future;

G.      Loss of earnings in the past;

H.      Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

I.      Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

J.      Loss of Mental Function;

K.      Loss of Household Services in the past;

L.      Loss of Household Services in the future;

M.      Disfigurement in the past;

N.      Disfigurement in the future;

O.      Mental anguish in the past;

P.      Mental anguish in the future;

Q.      Fear of future disease or condition;

R.      Cost of medical monitoring and prevention in the future; and

S.      Additional damage or injury for possible future surgery.

44.     By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

**PLAINTIFF'S ORIGINAL PETITION - Page 12**



## CLAIM FOR PREJUDGMENT INTEREST

45.    Plaintiff herein claim interest in accordance with Article 5.069-1.05 of V. A. T. S. and any other applicable law.

## REQUEST FOR DISCLOSURE

46.    Plaintiff requests Defendant to disclose the information or material described in Rule 194.2(a)-(k), Pursuant to Rule 194 of the Texas Rules of Civil Procedure.

## JURY DEMAND

47.    Pursuant to TEX. R. CIV. P. 216, Plaintiff requests a jury trial in this cause of action.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Don Lawrence, respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Section 41.006, Chapter 41, Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

**PLAINTIFF'S ORIGINAL PETITION - Page 13**



Respectfully submitted,

BRIAN R. ARNOLD & ASSOCAITES

By: _____

BRIAN R. ARNOLD
Texas Bar No. 01340195
600 W. Campbell Rd., Suite 3
Richardson, Texas 75080
Tel. (214) 739-4216
Fax. (972) 476-1114
Email: arnoldenda@aol.com
Attorneys for Plaintiff
Don Lawrence

**PLAINTIFF'S ORIGINAL PETITION – Page 14**





STATE OF TEXAS          )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ____ day of _____ A.D. 20____.

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY

CITATION BY MAILING
THE STATE OF TEXAS
401-05507-2020

Don Lawrence vs. Corin Group, PLC,Corin USA
Limited,Gruppo Bioimpianti, SRL

401st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Corin USA Limited
Registered Agent Jessee Ferguson
12750 Citrus Park Lane
Suite 120
Tampa FL  33625, Defendant

You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the 401st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.
Said Plaintiff's Petition was filed in said court, by Brian R Arnold  600 W Campbell Rd Suite 3  Richardson TX 75080 (Attorney for Plaintiff or Plaintiffs), on the 20th day of October, 2020.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of October, 2020.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460, ext. 4320

By: _____, Deputy
Rosanne Munoz

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice.  Any questions you have should be directed to an attorney.





STATE OF TEXAS        )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the _____ day of _____ A.D., 20 _____

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY

CITATION BY MAILING
THE STATE OF TEXAS
401-05507-2020

Don Lawrence vs. Corin Group, PLC,Corin USA
Limited,Gruppo Bioimpianti, SRL

401st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Corin Group, PLC
Registered Agent Jessee Ferguson
12750 Citrus Park Lane
Suite 120
Tampa FL  33625, Defendant

You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the 401st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.
Said Plaintiff's Petition was filed in said court, by Brian R Arnold  600 W Campbell Rd Suite 3  Richardson TX 75080 (Attorney for Plaintiff or Plaintiffs), on the 20th day of October, 2020.

    Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of October, 2020.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460, ext. 4320

By: _____, Deputy
Rosanne Munoz

The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.



STATE OF TEXAS        )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ___ day of _____ A.D., 20___
                    LYNNE FINLEY, DISTRICT CLERK
                    COLLIN COUNTY, TEXAS
                    _____ DEPUTY

THE STATE OF TEXAS
CIVIL CITATION
CASE NO.401-05507-2020

Don Lawrence vs. Corin Group, PLC,Corin USA
Limited,Gruppo Bioimpianti, SRL

In the 401st District Court

Of Collin County, Texas

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO: Gruppo Bioimpianti, SRL
Secretary of State of Texas
Statutory Documents Section Citations Unit
PO Box 12079
Austin TX  78711-2079, Defendant

GREETINGS:  You are commanded to appear by filing a written answer to **Plaintiff's Original Petition** at or before ten o'clock A.M. on the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable 401st District Court of Collin County, Texas at the Courthouse of said County in McKinney, Texas.

Said Plaintiff's Petition was filed in said court, by Brian R Arnold  600 W Campbell Rd Suite 3  Richardson TX 75080 (Attorney for Plaintiff or Plaintiffs), on  October 20, 2020, in this case, numbered 401-05507-2020 on the docket of said court.

The natures of Plaintiff's demand is fully shown by a true and correct copy of **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

Issued and given under my hand and seal of said Court at McKinney, Texas, on this the 21st day of October, 2020.

ATTEST: Lynne Finley, District Clerk
Collin County, Texas
Collin County Courthouse
2100 Bloomdale Road
McKinney, Texas 75071
972-548-4320, Metro 972-424-1460 ext. 4320

By: _____ , Deputy
Rosanne Munoz

**The law prohibits the Judge and the clerks from giving legal advice, so please do not seek legal advice. Any questions you have should be directed to an attorney.**



STATE OF TEXAS        )
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ___ day of ___ A.D. 20__
                    LYNNE FINLEY, DISTRICT CLERK
                    COLLIN COUNTY, TEXAS

_____ DEPUTY

12/14/2020 3:51 PM SCANNED

*12750*

CERTIFIED MAIL

9289 3901 0661 5400 0155 7985 63

RETURN RECEIPT (ELECTRONIC)

RESTRICTED DELIVERY

LYNNE MUNOZ
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE RD STE 12132
MCKINNEY, TX 75071-8316

401-05507-2020

REGISTERED AGENT JESSEE FERGUSON
CORIN GROUP PLC
12750 CITRUS PARK LN STE 120
TAMPA, FL 33625-3784

NIXIE     326  SE 1          7211/30/20
   RETURN TO SENDER
UNDELIVERABLE AS ADDRESSED
   UNABLE TO FORWARD

BC:  75071831800     2247N3350092-00191

12/14/2020 3:53 PM SCANNED



**CERTIFIED MAIL**

RESTRICTED DELIVERY

9269 3901 0661 5400 0155 7986 00

ROSANNE MUNOZ
COLLIN COUNTY DISTRICT CLERK
2100 BLOOMDALE RD STE 10192
MCKINNEY, TX 75071-8318

RETURN RECEIPT (ELECTRONIC)

401-05507-2020
REGISTERED AGENT JESSEE FERGUSON
CORIN USA LIMITED
12750 CITRUS PARK LN STE 120
TAMPA, FL 33625-3764

L/N
10~28

NIXIE        326    5E 1        7211/30/20
    RETURN TO SENDER
    UNDELIVERABLE AS ADDRESSED
    UNABLE TO FORWARD
BC: 75071831800    2247N33160927

OF COLLIN COUNTY, TEXAS



STATE OF TEXAS      )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the 2 day of FEB A.D., 20 21

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY

**UNITED STATES POSTAL SERVICE**

Date Produced: 12/14/2020

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™RRE/RD item number 9269 3901 0661 5400 0155 7986 00. Our records indicate that this item was delivered on 12/11/2020 at 02:04 p.m. in MCKINNEY, TX 75070. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :



Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service.  It is solely for customer use.

FILED

20 DEC 15  AM 11: 03

LYNNE FINLEY
DISTRICT CLERK
COLLIN COUNTY, TX
BY_____ DEPUTY

Reference ID: 926939010661540001557986 00
401-05507-2020
REGISTERED AGENT JESSEE FERGUSON
Corin USA Limited
12750 Citrus Park Ln Ste 120
Tampa, FL  33625-3784



**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 12/14/2020

THE MAIL GROUP INC - 1 / CONFIRM DELIVERY INC:

The following is the delivery information for Certified Mail™RRE/RD item number 9269 3901 0661 5400 0155 7985 63. Our records indicate that this item was delivered on 12/11/2020 at 02:04 p.m. in MCKINNEY, TX 75070. The scanned image of the recipient information is provided below.

Signature of Recipient :



Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

The customer reference information shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

FILED

20 DEC 15 AM 11: 03

LYNNE FINLEY
DISTRICT CLERK
COLLIN COUNTY, TX
BY_____ DEPUTY

Reference ID: 92693901066154000155798563
401-05507-2020
REGISTERED AGENT JESSEE FERGUSON
Corin Group, PLC
12750 Citrus Park Ln Ste 120
Tampa, FL 33625-3784



STATE OF TEXAS          )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the ____ day of _____ A.D., 20___

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY TEXAS

_____ DEPUTY

Filed: 1/7/2021 8:30 AM
Lynne Finley
District Clerk
Collin County, Texas
By Kathy Richardson Deputy
Envelope ID: 49473230



## COURT ADMINISTRATION
### DISTRICT COURTS – COLLIN COUNTY, TEXAS
### RUSSELL A. STEINDAM COURTS BUILDING
### 2100 BLOOMDALE ROAD, SUITE 10146
### MCKINNEY, TX 75071

## NOTICE OF ADMINISTRATIVE TRANSFER

December 31, 2020

For the efficient operation of the Collin County district courts and the effective administration of justice, the Local Administrative Judge for the District Courts of Collin County, Texas, transferred Cause No. *401-05507-2020* to the 471st Judicial District Court on December 31, 2020. All future filings will need to have the following new case number reflected on them at time of filing, *471-05507-2020*.

For questions or to schedule a setting, please contact:

**471st Judicial District Court**
Russell A. Steindam Courts Building
2100 Bloomdale Road, Suite 30276
McKinney, TX 75071
(972) 547-1800
471@collincountytx.gov

Best regards,

Kim Alvarado, District Courts Administrator

*Notice of Administrative Transfer*

*Page 1*

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 49473230
Status as of 1/7/2021 3:23 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian Robert Arnold | 1340195 | ARNOLDENDA@AOL.COM | 1/7/2021 8:30:39 AM | SENT |





STATE OF TEXAS
COUNTY OF COLLIN )
I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County Texas. Witness my hand and seal of said Court, this
the ___ day of _____ A.D., 20___
          LYNNE FINLEY, DISTRICT CLERK
          COLLIN COUNTY, TEXAS

_____ DEPUTY

NO. 471-05507-2020

| | | |
|---|---|---|
| **Don Lawrence** | § | **IN THE  471ST JUDICIAL** |
| | § | **DISTRICT COURT OF** |
| **VS.** | § | |
| | § | |
| **Corin Group, PLC** | § | **COLLIN COUNTY, TEXAS** |
| **Corin USA Limited** | | |
| **Gruppo Bioimpianti, SRL** | | |

FILE COPY

The above styled case has been set for:

Date:     09/17/2021
Time:     10:00 AM
Event:    Dismissal for Want of Prosecution
Court:    471st Judicial District Court

**THIS HEARING IS BY SUBMISSION ONLY. DO NOT APPEAR FOR THE ABOVE
SETTING. Instead, follow the below instructions.**

This case will be dismissed for want of prosecution unless, at least 24 hours before the
submission setting, the parties submit:

(a) A nonsuit or a dispositive order signed by all parties; or

(b) An agreed scheduling order, **which must include a confirmed trial setting
obtained from the Court Coordinator**; or

(c) If the parties cannot agree on a trial setting, a joint report identifying the trial dates
provided by the Court Coordinator and each party's objections to, or conflicts with,
the same.

All settings are subject to the required preferences and priorities set forth in Texas
Government Code Sections 24.60094(b) and 23.101.

*Sincerely,*
Todd Hill, Court Coordinator
471st Civil District Court
471@co.collin.tx.us

Russell A. Steindam Courts Building, 2100 Bloomdale Road, McKinney, Texas 75071
Check case and calendar information online at:  www.co.collin.tx.us/district_courts



STATE OF TEXAS       )
COUNTY OF COLLIN )

I, Lynne Finley, District Clerk in and for Collin County Texas,
do hereby certify that the above foregoing is a true and correct copy of the
original document as the same appears on the file in the District Court,
Collin County, Texas. Witness my hand and seal of said Court, this
the 5 day of Feb. A.D., 20 21

LYNNE FINLEY, DISTRICT CLERK
COLLIN COUNTY, TEXAS

_____ DEPUTY