# United States District Court

EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DON LAWRENCE, | § | |
| | § | |
| v. | § | Case Number: 4:21-CV-112 |
| | § | Judge Mazzant |
| CORIN GROUP, PLC, CORIN USA | § | |
| LIMITED, AND GRUPPO | § | |
| BIOIMPIANTI, SRL | § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Corin Group Limited and Corin USA Limited's Motion to Dismiss Under Rule 12(b)(6) (Dkt. #18). The Court, having considered the Motion and the relevant pleadings, finds that the motion should be **GRANTED in part** and **DENIED in part.**

## BACKGROUND

Plaintiff Don Lawrence brings this suit for damages relating to a medical device implanted in his body that allegedly broke. On or about January 15, 2017, Plaintiff had a Revival Modular Revision Hip Stem, also known as a Corin Revival Stem (the "product" or "Hip Stem"), surgically implanted in his hip (Dkt. #15). On or about October 21, 2018, Plaintiff stepped out of a vehicle and suddenly heard a loud "pop" from the area in which the device was located (Dkt. #15). On or about November 4, 2018, Plaintiff was examined by a doctor who discovered via x-ray that the stem of the device had broken in two (Dkt. #15). The x-ray report indicated that the device had "a fracture of the right femoral stem component of right hip arthroplasty, with displacement" (Dkt. #15 ¶ 24). Following this diagnosis, Plaintiff underwent surgery to remove and replace the implant (Dkt. #15).

Plaintiff brings this suit against Defendants Corin Group, PLC, and Corin USA Limited for claims of deceptive trade practices, negligence, strict liability, negligent misrepresentation,

breach of express and implied warranties, and res ipsa loquitur (Dkt. #15).[1] Defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure asserting that Plaintiff has not stated claims for deceptive trade practices, negligent misrepresentation, breach of express or implied warranty, or res ipsa loquitur.  (Dkt. #18).

## LEGAL STANDARD

The Federal Rules of Civil Procedure require that each claim in a complaint include a "short and plain statement . . . showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Each claim must include enough factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A Rule 12(b)(6) motion allows a party to move for dismissal of an action when the complaint fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). When considering a motion to dismiss under Rule 12(b)(6), the court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). The court may consider "the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). The court must then determine whether the complaint states a claim for relief that is plausible on its face. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the

---

[1] Plaintiff moved to dismiss all claims against Defendant Gruppo Bioimpianti, SRL (Dkt. #11), and the Court granted Plaintiff's motion, thereby dismissing Bioimpianti from this case without prejudice (Dkt. #16).

complaint has alleged—but it has not 'show[n]'— 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)).

In *Iqbal*, the Supreme Court established a two-step approach for assessing the sufficiency of a complaint in the context of a Rule 12(b)(6) motion. First, the court should identify and disregard conclusory allegations, for they are "not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 664. Second, the Court "consider[s] the factual allegations in [the complaint] to determine if they plausibly suggest an entitlement to relief." *Id.* "This standard 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary claims or elements.'" *Morgan v. Hubert*, 335 F. App'x 466, 470 (5th Cir. 2009) (citation omitted). This evaluation will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).

For claims of fraud, the pleading standard is heightened. Rule 9(b) states, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." FED. R. CIV. P. 9(b).

Rule 9(b)'s particularity requirement generally means that the pleader must set forth the "who, what, when, where, and how" of the fraud alleged. *United States ex rel. Williams v. Bell Helicopter Textron, Inc.*, 417 F.3d 450, 453 (5th Cir. 2005). A plaintiff pleading fraud must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002). Rule 9(b) seeks to "provide[]

defendants with fair notice of the plaintiffs' claims, protect[] defendants from harm to their reputation and goodwill, reduce[] the number of strike suits, and prevent[] plaintiffs from filing baseless claims." *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 190 (5th Cir. 2009) (citing *Melder v. Morris*, 27 F.3d 1097, 1100 (5th Cir. 1994)). Courts are to read Rule 9(b)'s heightened pleading requirement in conjunction with Rule 8(a)'s insistence on simple, concise, and direct allegations. *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 178 (5th Cir. 1997).

"Claims alleging violations of . . . the DTPA and those asserting fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b)." *Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998); *see Berry v. Indianapolis Life Ins. Co.*, No. 3:08-CV-0248-B, 2010 WL 3422873, at *14 (N.D. Tex. Aug. 26, 2010) ("When the parties have not urged a separate focus on the negligent misrepresentation claims, the Fifth Circuit has found negligent misrepresentation claims subject to Rule 9(b) in the same manner as fraud claims." (internal quotations omitted)).  If a plaintiff does not meet Rule 9(b)'s special pleading standard, the Court may dismiss the pleadings for failure to state a claim under Rule 12(b)(6). *U.S. ex rel. Williams v. McKesson Corp.*, No. 3:12-CV-0371-B, 2014 WL 3353247, at *3 (N.D. Tex. July 9, 2014) (citing *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996)).

## DISCUSSION

Defendants ask this Court to dismiss Plaintiff's claims of deceptive trade practices under the DTPA, negligent misrepresentation, breach of express warranty, breach of implied warranty, and res ipsa loquitor. Defendants also request this Court foreclose Plaintiff's ability to recover damages for the cost of medical monitoring (Dkt. #18). Plaintiff argues that his factual allegations are sufficient to state a claim upon which relief can be granted (Dkt. #21). The Court will address

each claim in turn.

## I.    Deceptive Trade Practices Under DTPA

Defendants assert that Plaintiff's DTPA claim fails for three independent reasons. First, the DTPA precludes recovery for claims of bodily injury. Second, Plaintiff does not satisfy the heightened 9(b) pleasing standard. And third, Plaintiff has not identified any actionable misrepresentations made by Defendants. The Court need only address the second point because Plaintiff has failed to plead his DTPA claim with the requisite particularity.

As mentioned, Rule 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). This requires, "[a]t a minimum[,] . . . allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 724 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). Further, the heightened 9(b) standard applies to claims of deceptive trade practices under the DTPA. *See, e.g.*, *Simien v. C. R. Bard, Inc.*, No. 1:20-CV-131, 2020 WL 4922331, at *5 (E.D. Tex. Aug. 20, 2020); *Patel v. Holiday Hosp. Franchising, Inc.*, 172 F. Supp. 2d 821, 825 (N.D. Tex. 2001); *Lester v. Unitrin Safeguard Ins. Co.*, No. 4:20-CV-404-A, 2020 WL 4583839, at *3 (N.D. Tex. Aug. 10, 2020).

Defendants argue that Plaintiff has failed to satisfy the 9(b) pleading standard because he has not specified any statements Defendants made, indicated when they were made, or alleged who made them (Dkt. #18). Plaintiff contends that "Rule 9(b) does not raise the pleading standard to the level required to survive summary judgment" (Dkt. #21 at p. 6).

Plaintiff has not met the 9(b) standard. First, the 9(b) standard is distinct from the summary

judgment standard in a number of ways. The Court at the 12(b)(6) stage still accepts as true all facts that Plaintiff alleges and construes them in the light most favorable to Plaintiff. Rule 9(b) simply requires a plaintiff allege more. Plaintiff here does not allege that Defendants made any particular statements nor identify when or by whom any statements were made (Dkt. #15 at ¶¶ 37–47). Rather, Plaintiff attaches as an exhibit to his Complaint a collection of advertisements taken from Defendants' website (*see* Dkt. #1 Exhibit A). Plaintiff does not provide the Court with any further information linking these attachments to his allegations. Such conclusory allegations fall short of what Rule 9(b) requires for pleadings.

Therefore, the Court finds Plaintiff has failed to state a claim upon which relief can be granted under the DTPA.

## II.    Negligent Misrepresentation

Likewise, Defendants argue that Plaintiff's negligent misrepresentation claim fails to meet the 9(b) pleading standard. Plaintiff responds by regurgitating the elements of negligent misrepresentation under Texas law.

"Although Rule 9(b) does not apply to negligent misrepresentation claims, [the Fifth Circuit] has applied the heightened pleading requirements when the parties have not urged a separate focus on the negligent misrepresentation claims." *Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 723 (5th Cir. 2003) (citing *WMX Techs., Inc.*, 112 F.3d at 177). Because Plaintiff's fraud and negligent misrepresentation claims rely upon the same factual allegations, Rule 9(b) applies to Plaintiff's negligent misrepresentation claim, as well. *See WMX Techs.*, Inc., 112 F.3d at 177 (citing *Shushany v. Allwaste, Inc.*, 992 F.2d 517, 520 n.5 (5th Cir. 1993)); *see also Simien*, 2020 WL 4922331, at *5.

Alleging the same facts as he did in his DTPA claim (*see* Dkt. #15 ¶ 110), Plaintiff again

6

fails to satisfy the standard. He does not allege that Defendants made any particular statements nor identify when or by whom any statements were made (Dkt. #15 at ¶¶ 110–117). Plaintiff again references Exhibit A to his Complaint, which is a collection of advertisements taken from Defendants' website. Plaintiff does not provide the Court with any further information linking these advertisements to his allegations. Such conclusory allegations fall short of what Rule 9(b) requires for pleadings.

Therefore, the Court finds Plaintiff has failed to state a claim for negligent misrepresentation.

## III.   Breach of Express Warranty

Plaintiff claims that Defendants breached an express warranty. Defendants again assert that Plaintiff has failed to plead the required facts to state such a claim. To plead a claim of breach of express warranty under Texas law, Plaintiff must allege facts that plausibly show 1) an affirmation or promise was made by the seller to the buyer; 2) that the buyer relied on such affirmation or promise in making the purchase; 3) that the goods failed to comply with the affirmation or promise; 4) that there was financial injury; and 5) that the failure to comply was the proximate cause of the financial injury to the buyer. *Lindemann v. Eli Lilly & Co.*, 816 F.2d 199, 202 (5th Cir. 1987). Defendants specifically claim that Plaintiff has not alleged facts regarding any affirmation or promise or that Plaintiff relied on any affirmation or promise.

As mentioned, Plaintiff has not pointed to any affirmation or promise made by Defendants, save for the advertisements on Defendants' website. The website describes the Hip Stem as an "effective" product that "provides a comprehensive yet streamlined solution" with which surgeons may replace a patient's hip. (Dkt. #1 Exhibit A). The Court has serious doubts as to whether these vague remarks about Defendants' product are anything more than "salesman 'puffery,' which

7

reasonable people do not take seriously." *Presidio Enter., Inc. v. Warner Bros. Distrib. Corp.*, 784 F.2d 674, 682 (5th Cir. 1986). Even if the Court could detect an affirmation or promise from these advertisements, Plaintiff has alleged no facts indicating that he relied on, or even knew about, the website advertisements prior to his surgery. Thus, he could not have relied on the "affirmations" or "promises" before making his purchase.

So, although breach of express warranty is not subject to the heightened 9(b) pleading standard, Plaintiff falls short under the relaxed standard. Therefore, the Court finds Plaintiff has failed to state a claim for breach of express warranty.

## IV.    Breach of Implied Warranty

Plaintiff also brings a claim of a breach of implied warranty but does not specify in his Complaint under which specific warranty he seeks to recover (Dkt. #15). Defendant argues that Plaintiff fails to state a claim under the breach of implied warranty of fitness for a particular purpose (Dkt. #18). In his response, Plaintiff cites to UCC § 2-315, which enumerates the elements of the implied warranty of fitness for a particular purpose (Dkt. #21 at p. 11). Accordingly, the Court will address Plaintiff's claim under those elements.

To state a claim for breach of implied warranty of fitness for a particular purpose, "the plaintiff must [allege] that (1) the seller had reason to know any particular purpose for which the goods were required at the time of contracting, and (2) the buyer was relying on the seller's skill or judgment to select or furnish suitable goods." *Deeds v. Whirlpool Corp.*, No. CV H-15-2208, 2016 WL 6070552, at *5 (S.D. Tex. Oct. 17, 2016); *see also* TEX. BUS. & COM. CODE ANN. § 2.315. The particular purpose must be some unusual, out of the ordinary purpose peculiar to the needs of an individual buyer. *Coghlan v. Aquasport Marine Corp.*, 75 F. Supp. 2d 769, 774 (S.D. Tex. 1999) (citing TEX. BUS. & COM. CODE ANN. § 2.315, Com. (2) ("A 'particular purpose' differs

from the ordinary purpose for which the goods are used in that it envisages a specific use by the buyer that is peculiar to the nature of his business.").

Here, as Defendants properly note, Plaintiff does not allege that he used or ever hoped to use the product for any purpose other than that for which it was intended. Indeed, Plaintiff only alleges that he used the device exactly as intended—that is, as an implant to assist with his ordinary mobility—and it broke. Because he has not alleged any facts regarding the first element of this claim, Plaintiff is unable to meet the standard required to properly plead a claim of breach of implied warranty of fitness for a particular purpose.

## V.      Res Ipsa Loquitor

Plaintiff also brings a claim of res ipsa loquitor alleging that Defendants delivered the product to Plaintiff, and it was not "meddled with or altered after delivery" (Dkt. #21 at p. 12). The Court can dispose of this claim. Res ipsa loquitur is a doctrinal theory used as a "rule of circumstantial evidence" rather than a substantive claim, so it is not appropriately asserted as a claim against a defendant. *Smith v. Xerox Corp.*, 866 F.2d 135, 140 (5th Cir. 1989)**.** It is premature for the Court to determine whether Plaintiff may invoke the doctrine of res ipsa loquitor as a theory underlying his negligence and strict liability claims.

## VI.     Medical Monitoring

Lastly, Defendants seek to foreclose Plaintiff's ability to recover damages for the cost of future medical monitoring (Dkt. #18). However, a motion to dismiss is not the appropriate vehicle to challenge the proper categories of damages. *See e.g.*, *Reyes v. Bona 1372, Inc.*, No. 1:17-CV-16, 2018 WL 1863529, at *1 (E.D. Tex. Apr. 17, 2018); *Sturm v. Rasmussen*, No. 18-CV-01689-W-BLM, 2019 WL 626167, at *2 (S.D. Cal. Feb. 14, 2019) ("[T]he availability of punitive damages does not control or even pertain to the sufficiency of any claim. Because a 12(b)(6)

motion to dismiss challenges the legal sufficiency of the pleadings, not the appropriateness of the relief sought, a motion to dismiss is not the proper mechanism to challenge a prayer for [] damages." (internal citations omitted)).

<b>CONCLUSION</b>

It is therefore **ORDERED** that Defendants' Motion to Dismiss Under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. #18) is hereby **GRANTED in part** and **DENIED in part.**

It is **ORDERED** that the following claims are hereby dismissed with prejudice: deceptive trade practices under the DTPA, negligent misrepresentation, breach of express  warranty, breach of implied warranty, and res ipsa loquitor.

**IT IS SO ORDERED.**

**SIGNED this 14th day of December, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE